

FILED

00 OCT 11 PM 3: 50

MIDDLE DI ... FLORIDA
TAMPA, FLORIDA

IN THE UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. EVANS
Plaintiff,

vs.

OKALOOSA COUNTY, FLORIDA and

Larry Gilbert, former Sheriff,
Defendant.

Civil Action, File No.

8:00CV2091-T-27C

## COMPLAINT

COMES NOW the Plaintiff, Michael A. Evans, Pro Se Litigant sues defendants, Okaloosa County and former Okaloosa County Sheriff, Larry Gilbert, and as grounds therefore alleges:

### JURISDICTION AND VENUE

1.) This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil rights Act, Title 42, United States Code, Section 1983 is brought pursuant to 42 U.S.C.1983.

2.) The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

3.) The jurisdiction of this Court is invoked under the provisions of Title 28, United States Code, Sections 1331 and 1343. Venue is placed in this district because it is where the plaintiff currently resides.

### PARTIES

4.) Plaintiff, Michael Evans, is a citizen of the United States, a former

resident of the City of Fort Walton Beach, County of Okaloosa, State of Florida.

5.) Defendant, Okaloosa County, at all time material to this Complaint, is a government entity of the State of Florida.

6.) Defendant, Larry Gilbert, at all time material to this Complaint, was the former duly appointed Sheriff of Okaloosa County and, by virtue of his position, his edicts or acts may fairly be said to represent the official policy of the Okaloosa County Sheriff's Office.

7.) Plaintiff sues Okaloosa County in it's official capacity; and Larry Gilbert in his official and individual capacity.

## STATEMENT OF FACTS

8.) On or about June 10, 1995 the plaintiff, previously adjudicated indigent and represented by court-appointed attorney, James Tongue, was placed on 6 months probation and assessed $660.00 in court cost, fines, and probation supervisory fees (hereinafter costs and fees).

9.) During September of 1995, the plaintiff's probation was transferred to Orange County Probation Services due to his status as a full-time student attending the University of Central Florida.

10). On or about October 3, 1995, the plaintiff reported to the Orange County Probation Services (hereinafter Probation Office) and spoke with probation officer, Timothy Olier. At this meeting, Olier informed the plaintiff that he had mailed conditions of violation to Judge Barron, the presiding Judge, because the plaintiff failed to pay costs, fees, and had not attended the court-mandated anger management class as of that date. Olier further explained that the would "hold" the violation, upon it's return, if the plaintiff attended the anger management class and paid the costs and fees by the following month,

November.

11.) Knowing he could not pay the entire balance by the next reporting date early in November, the plaintiff asked Olier if there was anyway he could obtain an extension until his termination date in December. Olier responded "that if you can't pay the money by next month's report, you should quit school to do so or else I will have to allow the signed violation warrant to issue upon its return". The plaintiff, then, asked if he could attend an anger management for that same month of October. Olier conceded and scheduled the plaintiff for a class on Saturday, October 23, 1995, which was held in Ocoee, Florida.

12.) On or about November 2, 1995, the plaintiff reported to the probation office and filed the anger management certificate of completion, despite the fact that the class instructor had done the same the week following the class. Olier was unavailable.

13.) On November 6, 1995, Olier filed four conditions of violation and sent them to the presiding Judge in Okaloosa County, although he had mislead the plaintiff into believing that he previoulsy initiated the violation process in October.

14.) On November 16, 1995, Okaloosa County Circuit Court Judge Barron signed a violation of probation warrant for the plaintiff's arrest. The warrant had a bond amount of $1,500.00 on it's face.

15.) On or about December 5, 1995, the plaintiff reported to the probation office; again, Olier was unavailable.

16.) On August 14, 1996, the plaintiff was arrested for the violation of probation and other unrelated charges.

17.) On September 3, 1996, the plaintiff was given a signature bond of $500.00 by the County Judge for the unrelated charges.

18.) Later the same evening, the plaintiff attempted to bond out of the Okaloosa County Jail with the services of Battles Bail Bonds. However, when

the bondsman arrived at the jail, he was informed that the plaintiff did not have a bond notwithstanding the fact that the County Judge had issued a signature bond for the unrelated charges, and the violation of probation warrant had a predetermined bond amount on it's face.

19.) On or about September 5, 1996, the plaintiff spoke with court-appointed attorney regarding his bond situation and was told that Judge Barron had revoked the previous $1,500 bond without explanation.

20.) On September 14, 1996, the plaintiff appeared in Circuit Court where a continuance was granted because of his adamance that he did not violate probation.

21). On October 25, 1996, the three unrelated charges were disposed. .

22.) On October 28, 1996, the violation of probation was dismissed and plaintiff was released.

## COUNT 1
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. Sec. 1983

OKALOOSA COUNTY
Former OKALOOSA COUNTY SHERIFF

The plaintiff reaffirms and realleges each and every allegfation set forth in this complaint and will further allege that:

`23.) The plaintiff has right ot be free from illegal searches and seizure of plaintiff's person and a right to be free from unlawful arrest, detention and imprisonment, ....without due process of law, the rights secured to plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United Sates and by 42 U.S.C. Sec. 1983.

24.) Defendant, Okaloosa County, a governmental entity of the State of Florida, under the color of law, established and supported an unconstitutional policy or custom which resulted in the plaintiff's "unlawful arrest, detention and

imprisionment," as well as , his "loss of liberty.............without due process of law." The said actions were done willfully, knowingly, and with specific intent to deprive the plaintiff of rights, privileges, and immunities secured by the U.S. Constitution to include the Fourth, Fifth, and Fourteenth Amendments therein.

25.) Defendant , former Okaloosa County Sheriff, Larry Gilbert, under the color of law, edicts and acts resulted in an unconstitutional policy or custom which can be fairly said to represent the official policy of the Okaloosa County Sheriff Office, and in turn, was established and supported by Okaloosa County. The former Sheriff willfully, knowingly and unlawfully incarcerated the plaintiff with the specific intent of depriving the plaintiff his right to be free from "unlawful arrest, detention and imprisonment," as well as, "loss of liberty ..............without due process of law," and other rights, privileges, and immunities secured by the U.S. Constitution to include the Fourth, Fifth, and Fourteenth Amendments therein.

26.) As a direct and proximate result of these violations of plaintiff's constitutional rights, he was made to suffer great emontional trauma, discomfort, and was deprived of his liberty.

27.) WHEREFORE, Plaintiff demands judgement from the defendants, Okaloosa County and former Okaloosa County Sheriff, Larry Gilbert, in their official and individual capacities. Furthermore, the plaintiff seeks compensatory and punitive damages in the amount of $250,000.00 and any further general relief as plaintiff may be entitlted.

Michael Evans
Pro Se Litigant
P.O. Box 311625
Tampa, Fl 33680